---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
_(State)_

Case number _(if known)_: _____ Chapter 11

☐ Check if this is an amended filing

---

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | |
|---|---|
| 1. **Debtor's name** | Jervois Global Limited |

| | |
|---|---|
| 2. **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Jervois Mining Limited |

| | |
|---|---|
| 3. **Debtor's federal Employer Identification Number (EIN)** | N/A |

4. **Debtor's address**

**Principal place of business**

1-11 Gordon Street
Number | Street

Suite 2.03

Cremorne | Victoria | 3121
City | State | ZIP Code

Australia
County

**Mailing address, if different from principal place of business**

Number | Street

P.O. Box

City | State | ZIP Code

**Location of principal assets, if different from principal place of business**

Number | Street

City | State | ZIP Code

| | |
|---|---|
| 5. **Debtor's website** (URL) | https://jervoisglobal.com/ |

---

Debtor    Jervois Global Limited                       Case number *(if known)*_____
           *Name*

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>2</u> <u>1</u> <u>2</u> <u>2</u>

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply:*

  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☑ A plan is being filed with this petition.
  - ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☑ No
- ☐ Yes.   District _____ When _____ Case number _____
                                 MM / DD / YYYY
            District _____ When _____ Case number _____
                                 MM / DD / YYYY

Debtor    **Jervois Global Limited**                                                    Case number (if known)_____
_____
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor    **See Schedule 1**            Relationship    **Affiliate**

District    **Southern District of Texas**      When    **01/28/2025**
                                                        MM  /  DD  / YYYY

Case number, if known  _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                Number        Street

_____
City                                    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name    _____

Phone    _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49            ☑ 1,000-5,000        ☐ 25,001-50,000
☐ 50-99          ☐ 5,001-10,000       ☐ 50,001-100,000
☐ 100-199       ☐ 10,001-25,000      ☐ More than 100,000
☐ 200-999

---

Official Form 201            Voluntary Petition for Non-Individuals Filing for Bankruptcy            page 3

| Debtor | Jervois Global Limited | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

| **Request for Relief, Declaration, and Signatures** |
|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  1/28/2025
　　　　　　　 MM / DD / YYYY

✗ _Bryce Crocker_
　　DC754D46DD8F4E0...
Signature of authorized representative of debtor

Title  Chief Executive Officer

Bryce Crocker
Printed name

**18. Signature of attorney**

✗ _Duston McFaul_
　　D2B78FAEA6BF4DE...
Signature of attorney for debtor

Date  1/28/2025
　　　 MM / DD / YYYY

Duston K. McFaul
Printed name

Sidley Austin LLP
Firm name

1000　　　Louisiana Street, Suite 5900
Number　　Street

Houston
City

Texas
State

77002
ZIP Code

713-495-4500
Contact phone

dmcfaul@sidley.com
Email address

24003309
Bar number

Texas
State

## Schedule 1

### Pending Bankruptcy Cases Filed by Debtor and Affiliates of Debtor

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case, filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the **"Court"**). A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, under the case number assigned to the chapter 11 case of Jervois Global Limited.

|   | Debtor | Tax ID # |
|---|---|---|
| 1 | Jervois Texas, LLC | 33-3029514 |
| 2 | Jervois Global Limited | N/A |
| 3 | Jervois Suomi Holding Oy | N/A |
| 4 | Jervois Finland Oy | N/A |
| 5 | Jervois Americas LLC | 46-1998097 |
| 6 | Jervois Japan Inc. | N/A |
| 7 | Formation Holdings US, Inc. | 26-3470103 |
| 8 | Jervois Mining USA Limited | 88-0241323 |

**Fill in this information to identify the case:**

Debtor name __Jervois Global Limited__

United States Bankruptcy Court for the: Southern _____ District of __Texas__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Millstreet Credit Fund LP** 200 Park Avenue New York, New York 10166 | Paul Hastings, Counsel Representation P: (212) 318-6445 F: erezailad@paulhastings.com | Unsecured Noteholder | | | | $27,412,857.14 |
| 2 | ▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮ | Trade Debt | | | | $1,090,119.00 |
| 3 | **Umicore Finland Oy** Kobolttiaukio 1 Kokkola, 67101 Finland | Anu Malmi P: F: anu.malmi@eu.umicore.com | Trade Debt | | | | $547,229.05 |
| 4 | **Varma Keskinäinentyöeläkevakuu** Annankatu 18 Varma, 98 Finland | Customer service P: +358 10 192 100 F: | Trade Debt | | | | $220,136.52 |
| 5 | **Ernst & Young LLP** 200 Plaza Drive Secaucus, New Jersey 07094 | Paden A Stephens P: +1 256 749 0999 F: paden.stephens@ey.com | Professional Services | | | | $80,080.00 |
| 6 | **SAP Australia Pty Ltd** Level 13, 1 Denison Street Sydney, NSW 2060 Australia | Maria Andal P: +61 2 9935 4500 F: m.andal@sap.com | Trade Debt | | | | $76,833.65 |
| 7 | **Small Mine Development LLC** 967 E Parkcenter Blvd, PMB 396 Boise, Idaho 83706 | Lee Kellogg P: 208-338-8880 F: lkellogg@undergroundmining.com | Trade Debt | | | | $76,032.04 |
| 8 | **Lounea Yritysratkaisut Oy** Rantakatu 14-16 Kokkola, 67100 Finland | Timo Kainu P: +358 40 077 1528 F: timo.kainu@lounea.fi | Trade Debt | | | | $67,522.03 |

Debtor  __Jervois Global Limited_____  Case number (if known)_____
       Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Ernst & Young Oy<br>Alvar Aallon Katu 5 C<br>Helsinki, 100<br>Finland | P: 358 20 7280190<br>F:<br>nordicbilling@ey.com | Professional Services | | | | $62,378.93 |
| 10 | SGS North America Inc.<br>Natural Resources 4665 Paris ST St<br>Denver, Colorado 80239 | Laura Olson<br>P:<br>F:<br>Laura.Olson@sgs.com | Trade Debt | | | | $59,890.15 |
| 11 | Suomen Unipol Oy<br>Kaurapellontie 8<br>Espoo, 2610<br>Finland | Markku Ekholm<br>P: 3.5850040073e+11<br>F:<br>markku.ekholm@unipol.fi | Trade Debt | | | | $59,246.86 |
| 12 | Accon Suomi Oy<br>Vasarakuja 19<br>Kokkola, 67700<br>Finland | Petri Laasanen<br>P: +358 400 833 611<br>F:<br>petri@acconsuomi.fi | Trade Debt | | | | $57,773.09 |
| 13 | Oy Backman-Trummer Ab<br>Pl 49, Satamatullintie 5<br>Kokkola, 67900<br>Finland | Johan Smedjebacka<br>P: +358 40 537 2290<br>F:<br>johan.smedjebacka@backman-trummer.fi | Trade Debt | | | | $55,602.81 |
| 14 | Ernst & Young<br>8 Exhibition Street<br>Melbourne, VIC 3000<br>Australia | Brad Pollock<br>P: 1800 308 433<br>F:<br>Accounts.Receivable@au.ey.com | Professional Services | | | | $51,975.00 |
| 15 | Työllisyysrahasto<br>Pl 191<br>Helsinki, 120<br>Finland | Customer service<br>P: +358 75 757 0500<br>F:<br>vakuutusmaksut@tyollisyysrahasto.fi | Trade Debt | | | | $50,475.51 |
| 16 | Tietoevry Tech Services Finland Oy<br>Keilalahdentie 2-4<br>Espoo, 2150<br>Finland | Olli-Pekka Järviranta<br>P:<br>F:<br>Olli-Pekka.jarviranta@tietoevry.com | Trade Debt | | | | $48,017.54 |
| 17 | Intelex Technologies<br>70 University Ave, Suite 800<br>Toronto, Ontario M5J 2M4<br>Canada | Rashad Aljunied<br>P: +1 877 932 3747<br>F:<br>rashad.aljunied@intelex.com | Trade Debt | | | | $41,919.77 |
| 18 | Blue Cross of Idaho<br>PO Box 6948<br>Boise, Idaho 83707 | P: 208-345-4550<br>F: | Trade Debt | | | | $35,170.72 |
| 19 | Idaho Power Co<br>PO Box 34966<br>Seattle, Washington 98124-1966 | P: 208-388-2323<br>F: | Trade Debt | | | | $34,788.51 |

Debtor  **Jervois Global Limited**
         Name

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | **Freja Transport & Logistics Oy** Linnankatu 90 Turku, 20100 Finland | P: +358 20 712 9830 F: info@freja.fi | Trade Debt | | | | $32,927.31 |
| 21 | **Control Systems Technology** 5471 S Heyrend Idaho Falls, Idaho 83402-5385 | Shauna Larson P: 208-523-2796 F: dwareing@controlsys.com | Trade Debt | | | | $31,699.50 |
| 22 | **Tecalemit Flow Oy** Tiilitie 6 Vantaa, 1720 Finland | Kim Viitala P: +358 29 006 5857 F: kim.viitala@tecaflow.fi | Trade Debt | | | | $31,325.48 |
| 23 | **Western States Equipment** 3760 N Reserve St Missoula, Montana 59808 | Jason Calson P: 800-852-2287 F: jason.calson@wseco.com | Trade Debt | | | | $30,868.17 |
| 24 | ███████████████ | ████████████████ | Trade Debt | | | | $29,189.85 |
| 25 | **Sumitomo Warehouse Kobe** Hyogo Kobe, 650-0033 Japan | Mr. Shunsuke Mogi P: +81 7 8393 3604 F: mogi.shunsuke@sumitomo-soko.co.jp | Trade Debt | | | | $28,522.99 |
| 26 | **Kemianteollisuus Ry** Eteläranta 10 Helsinki, 131 Finland | P: +358 9 172 841 F: katja.teerimaki@kemianteollisuus.fi | Trade Debt | | | | $25,743.51 |
| 27 | **Energy Laboratories Inc** Department 6250, PO Box 4110 Woburn, Massachusetts 01888-4110 | Account Dept P: 406-869-7270 F: accounts@energylab.com | Trade Debt | | | | $25,381.10 |
| 28 | **Accountor Hr Solutions Oy** Hallituskatu 16 A Tampere, 33200 Finland | P: +358 20 7425 400 F: laskutus@accountorhr.fi | Trade Debt | | | | $25,258.28 |
| 29 | **Kokkolan Energiaverkot Oy** Varastotie 3 Kokkola, 67100 Finland | Tapio Järvinen P: F: tapio.jarvinen@kokkolanenergia.fi | Trade Debt | | | | $23,781.86 |
| 30 | **Professional Cleaning Svcs** Ristisuonraitti 16 Pietarsaari, 68600 Finland | Maria Friberg P: +358 40 4889454 F: maria.friberg@pcs.fi | Trade Debt | | | | $21,442.38 |

---

**Fill in this information to identify the case and this filing:**

Debtor Name __Jervois Global Limited__

United States Bankruptcy Court for the: __Southern__   District of __Texas__
                                                                              (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* ____

☑   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐   Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __01/28/2025__        ✖   *Bryce Crocker*
                    MM / DD / YYYY                            Signature of individual signing on behalf of debtor

                                        Bryce Crocker
                                        Printed name

                                        Chief Executive Officer
                                        Position or relationship to debtor

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: | Chapter 11 |
| JERVOIS GLOBAL LIMITED, | Case No. 25-_____ (___) |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

Jervois Global Limited is a publicly traded company.  The following is the list of entities that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interests.  This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this chapter 11 case.[1]

| Name and Address of Equity Holders | Percentage of Equity Held |
|---|---|
| J.P. Morgan Nominees Australia Pty Attention: Limited GPO Box 3289, Sydney, NSW, Australia, 2001 | 23.50% |
| CDS & Co NCI Account 100 Adelaide St., Suite 300 Toronto, ON, Canada, M5H 1S3 | 11.44% |
| BNP Paribas Noms Pty Ltd PO Box R209, Royal Exchange, NSW, Australia, 1225 | 10.52% |

---

[1] By the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing Debtors to (A) File a Consolidated Creditor Matrix, (B) File a Consolidated List of 30 Largest Unsecured Creditors, (C) Redact Certain Personal Identifying Information and Commercially Sensitive Business Information; (II) Waiving the Requirement to File a List of Equity Security Holders; and (III) Granting Related Relief* contemporaneously herewith, the Debtors are requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

**List of Equity Holders – Page 1**

| Fill in this information to identify the case and this filing: |
|---|

Debtor Name    Jervois Global Limited

United States Bankruptcy Court for the:    Southern    District of    Texas
                                                                              (State)

Case number (If known):    _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐   *Schedule H: Codebtors* (Official Form 206H)

☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐   Amended *Schedule* ____

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑   Other document that requires a declaration   List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   01/28/2025          ✗   *Bryce Crocker*
                  MM / DD / YYYY                     Signature of individual signing on behalf of debtor

                                                     Bryce Crocker
                                                     Printed name

                                                     Chief Executive Officer
                                                     Position or relationship to debtor

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re:<br><br>JERVOIS GLOBAL LIMITED,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-____ (___) |

## **CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| **Shareholders** | **Approximate Percentage of Shares Held** |
|---|---|
| J.P. Morgan Nominees Australia Pty | 23.50% |
| CDS & Co | 11.44% |
| BNP Paribas Noms Pty Ltd | 10.52% |

| Fill in this information to identify the case and this filing: |
|---|

Debtor Name __Jervois Global Limited__

United States Bankruptcy Court for the: __Southern_____ District of __Texas__
                                                                    (State)

Case number (*If known*): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule _____*

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration __Corporate Ownership Statement__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __01/28/2025__          ✖  *Bryce Crocker*
        MM / DD / YYYY                DG784D46DD6F4E0...
                           Signature of individual signing on behalf of debtor

                           Bryce Crocker
                           Printed name

                           Chief Executive Officer
                           Position or relationship to debtor

*Execution Version*

## UNANIMOUS WRITTEN CONSENT OF THE DIRECTORS OF
## JERVOIS GLOBAL LIMITED
## (the "Company")
## ABN 52 007 626 575

28 January 2025

Pursuant to the provisions of the Corporations Act 2001 (Cth) ("Corporations Act"), and as permitted by the Company's constitution, the undersigned, being all the directors of the Company (the "Board"), do hereby consent to, adopt and approve the following resolutions by written consent and each and every action effected thereby with the same force and effect as if they had been adopted at a duly convened meeting of the Company:

**WHEREAS**, the Board has considered certain materials presented by, or on behalf of, the Company's management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business;

**WHEREAS**, the Company, in consultation with the Advisors, has determined that it is in the best interest of the Company to enter into that certain *Restructuring Support Agreement*, dated December 31, 2024 (as amended, supplemented, or otherwise modified from time to time, the "RSA"), which contemplates certain restructuring transactions to be effectuated pursuant to chapter 11 cases of the Company and its debtor affiliates (the "Bankruptcy Cases") to be filed in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court");

**WHEREAS**, the Company, in consultation with the Advisors, has determined that it is in the best interest of the Company to amend the RSA to reflect modifications and revisions to the transactions negotiated therein;

**WHEREAS**, pursuant to the RSA, the Company intends to pursue the Bankruptcy Cases in a value-maximizing and effective fashion, and to file all pleadings or documents, including a chapter 11 plan (the "Plan") and a related disclosure statement (the "Disclosure Statement"), that may be required to effectively resolve the Bankruptcy Cases;

**WHEREAS**, the Board has reviewed and considered one or more presentations by Management and the Advisors regarding the advantages and disadvantages of filing a voluntary petition for relief (the "Bankruptcy Petition") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code");

**WHEREAS**, the Board has had adequate opportunity to consult with its Management and the Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, the Board has determined, in the judgment of the Board, that the following resolutions are advisable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors, and other parties in interest;

**WHEREAS**, the Board noted that any director having an interest in any document referenced in the resolutions below or any transaction contemplated in them had properly disclosed that interest in accordance with section 191 of the Corporations Act and in accordance with the Company's constitution.  The Board noted that any director having a material personal interest in any document or any transaction contemplated in them has complied with the requirements of section 195 of the Corporations Act and the Company's constitution;

**WHEREAS**, the Board has considered its fiduciary duties under applicable law in exercising its powers and discharging its duties, to act honestly and in good faith with a view to the best interests of the Company as a whole, and to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances; and

**WHEREAS**, at the time of entering into the RSA, the Board considered the transactions contemplated, including the filing of the Bankruptcy Petition and associated documents, and the retention of Advisors, was part of a course of action which was reasonably likely to result in a better outcome for the Company than would occur from an immediate voluntary administration or winding up of the Company, and there were reasonable grounds to expect that if the Company took these steps and complied with its obligations therein, the course of action would continue to be reasonably likely to provide a better outcome for the Company.

## 1.  AMENDMENT TO RSA.

**NOW, THEREFORE, BE IT RESOLVED**, that the RSA be and hereby is amended on terms and conditions substantially similar to the form attached hereto as <u>Exhibit A</u> (the "<u>Amended RSA</u>"), and that the Company amending the RSA would benefit the Company; and

**RESOLVED FURTHER**, (i) the forms, terms and provisions of the Amended RSA, and all the exhibits annexed thereto, (ii) the execution, delivery, and performance thereof, and (iii) the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved, and declared advisable and in the best interest of the Company, with such changes therein and additions thereto as any director or duly appointed officer of the Company, each acting individually and with full power of substitution (each, an "<u>Authorized Person</u>" and, together with any persons to whom such persons delegate certain responsibilities, collectively, the "<u>Authorized Persons</u>") executing the same may, in such Authorized Person's discretion, deem necessary or appropriate, it being acknowledged that the execution of the Amended RSA and such other documents, agreements, instructions and certificates as may be required or contemplated by the Amended RSA, as applicable, shall be conclusive evidence of the approval thereof.

## 2.  VOLUNTARY PETITION FOR RELIEF UNDER APPLICABLE BANKRUPTCY LAW AND SEEKING NECESSARY RELIEF.

**RESOLVED**, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its interest holders, subsidiaries, creditors, and other parties in interest, that the Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petition under the provisions of chapter 11 of the Bankruptcy Code (the "<u>Restructuring</u>

Matters") in the Bankruptcy Court for the Company; and, in accordance with the requirements of the Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petition; and

> **RESOLVED FURTHER,** that each Authorized Person be, and hereby is, authorized to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, including the Plan and Disclosure Statement (and are authorized to finalize the documents on terms substantially similar to the forms presented to the Board), and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company.

### 3. RETENTION OF PROFESSIONALS

> **RESOLVED**, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of the Company: (i) the law firm of Sidley Austin LLP, as general restructuring counsel; (ii) Moelis & Company, as investment banker; (iii) FTI Consulting, Inc., as restructuring advisor; (iv) Stretto, Inc., as claims, noticing, and solicitation agent; (v) Pricewaterhouse Coopers International Limited, as tax advisor; and (vi) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

### 4. FURTHER ACTIONS AND PRIOR ACTIONS.

> **RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfers, deeds and other documents on behalf of the Company relating to the Bankruptcy Cases;

> **RESOLVED FURTHER**, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

**RESOLVED FURTHER**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company itself may lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person or Authorized Persons may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**RESOLVED FURTHER**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of the Company, or hereby waives any right to have received such notice; and

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board.

\*      \*      \*      \*

This resolution may be executed in two or more counterparts, each of which shall be deemed an original and together constitute one and the same resolution. The words "execution," "signed," "signature," and words of like import herein shall be deemed to include electronic signatures or the keeping of records in electronic form, each of which shall be of the same legal effect, validity or enforceability as a manually executed signature or the use of a paper based recordkeeping system, as the case may be, to the extent and as provided for in any applicable law.

**IN WITNESS WHEREOF**, the undersigned, being all the directors of the Company, have executed this unanimous written consent in one or more counterparts, each of which shall be deemed to be one and the same instrument, as of the date first set forth above.

...................................................   28 January 2025
BRYCE ANDREW CROCKER          Date

...................................................   28 January 2025
BRIAN ANTHONY KENNEDY         Date

...................................................   28 January 2025
PETER BRENDAN JOHNSTON        Date

...................................................   28 January 2025
MICHAEL CALLAHAN              Date

...................................................   .....................................
DAVID ISSROFF                Date

...................................................   28 January 2025
DANIELA CHIMISSO DOS SANTOS   Date

[*Signature Page to Unanimous Written Consent – Jervois Global Limited*]

**IN WITNESS WHEREOF**, the undersigned, being all the directors of the Company, have executed this unanimous written consent in one or more counterparts, each of which shall be deemed to be one and the same instrument, as of the date first set forth above.

...............................................    .....................................

BRYCE ANDREW CROCKER    Date

...............................................    .....................................

BRIAN ANTHONY KENNEDY    Date

...............................................    .....................................

PETER BRENDAN JOHNSTON    Date

...............................................    .....................................

MICHAEL CALLAHAN    Date

...............................................    ..........28/01/25..........

DAVID ISSROFF    Date

...............................................    .....................................

DANIELA CHIMISSO DOS SANTOS    Date

[*Signature Page to Unanimous Written Consent – Jervois Global Limited*]

**JERVOIS GLOBAL LIMITED**
**ACN 007 626 575**
("**Company**")

# Directors' circulating resolutions

Passed in accordance with clause 72 of the Company's constitution

We are all of the Directors of the Company entitled to vote on the resolutions below.

**1        Background**

1.1       Reference is made to the documents entitled:

(a)       "Up to $150,000,000 Secured Revolving Credit Facility Agreement" originally dated 28 October 2021 (as amended and restated pursuant to supplemental deeds dated 4 August 2022, 6 September 2024, 26 November 2024 and 31 December 2024) now between, amongst others, Millstreet Credit Fund LP and Mercer QIF Fund PLC – Mercer Investment Fund 1 ("**Lenders**"), Acquiom Agency Services Limited ("**Agent**" and **Security Agent**") and Jervois Suomi Holding OY (as an original borrower) ( "**Holding Co**") (the "**Facility Agreement**"); and

(b)       "Restructuring Support Agreement" dated 31 December 2024 between, amongst others, the Company and the Lenders ("**RSA**").

1.2       In connection with the RSA, the Company and Lenders have agreed to enter into the "Supplemental Deed amending and restating a Facility Agreement originally dated 28 October 2021, as amended and/or amended and restated on 4 August 2022, 6 September 2024, and 26 November 2024, and 31 December 2024" ("**Amending Document**").

**2        Documents**

2.1       It is noted that the following documents have been circulated to the Directors of the Company:

(a)  a copy of the agreed form of the complete Amending Document (including the Amended Facility Agreement and all other schedules and annexures thereto);

(b)  a proposed interim order (the "**DIP Order**") to be filed with the United States Bankruptcy Court for the Southern District of Texas ("**Bankruptcy Court**"),

,(the Amending Document and the DIP Order, together, with such other agreements, certificates, instruments, notices, receipts, recordings, filings, petitions, motions, or other papers or documents to which the Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement  being the "**DIP Documents**").

2.2        The Company wishes to enter into:

(a)       the Amending Document; and

(b)       any other Finance Document (as that term is defined in the Facility Agreement) to which the Company is a party and any other documents referred to in or which are ancillary or related to the Amending Document or the transactions contemplated by the Amending Document or which alter, amend or vary the Amending Document,

together, the "**Documents**".

3       **Interested Directors**

It is noted that any director having an interest in the Documents or any transaction contemplated in them had properly disclosed that interest in accordance with section 191 of the Corporations Act *2001* (Cth) ("**Corporations Act**") and in accordance with the Company's constitution.

It is noted that any director having a material personal interest in any Document or any transaction contemplated by the Documents has complied with the requirements of section 195 of the Corporations Act and the Company's constitution.

4       **Acknowledgements and deliberations**

It is noted that:

(a)     the Company's execution, delivery and performance of the Company's obligations under the Documents and the transactions evidenced by the Documents would benefit the Company and is in the best interests of the Company;

(b)     in deciding to commit the Company to the Documents, the Directors would be acting for a proper purpose reasonably connected with the actual or potential business of the Company, and in accordance with the Company's constitution;

(c)     at the time of entering into the RSA, the Directors considered the transactions contemplated, including entering into the Documents, was part of a course of action which was reasonably likely to result in a better outcome for the Company than would occur from an immediate voluntary administration or winding up of the Company, and there were reasonable grounds to expect that if the Company executed the Documents and complied with its obligations therein, the course of action would continue to be reasonably likely to provide a better outcome for the Company;

(d)     the Company's execution of the Documents would not cause the Company (or any other person) to contravene:

(i)      parts 2J.2 and 2J.3 of the Corporations Act (relating, among other things, to the provision by the Company of financial assistance to purchase its shares or its holding company's shares);

(ii)     section 208 or section 209 of the Corporations Act (relating to a public company giving a financial benefit to a related party);

(iii)    any other provision of the Corporations Act or of any other statute by which the Company is bound or to which any of its property is subject; or

(iv)    any other document with any other person by which the Company is bound or to which any of its property is subject; and

(e)     the Company's representations and warranties in the Documents are correct and not misleading; and

(f)     that the Company will obtain benefits, as necessary or convenient to the conduct, promotion, maintenance, and attainment of the business of the Company, from:

(i)     the use of collateral, including cash collateral, as that term is defined in section 363(a) of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "**Bankruptcy Code**") (the "**Cash Collateral**"), to the extent applicable, which is security for prepetition secured lenders and the prepetition secured agent (collectively, the "**Secured Parties**"), if any; and

(ii)    the Amended Facility Agreement pursuant to which an approximately $49,000,000 senior secured super priority debtor-in-possession term loan facility will be provided, subject to its terms, which shall include following the Effective Time (as defined under the Amending Document), and upon entry of the DIP Order by the Bankruptcy Court authorising the provision of facilities under the Amended Facility Agreement:

(A)    a new money term loan facility (the "**New Money DIP Facility**" and the loans advanced under the New Money DIP Facility, the "**New Money DIP Loans**"); and

(B)    a roll-up facility (the "**Roll-Up Facility**," and the loans deemed made thereunder, the "**Roll-Up Loans**," and the Roll-Up Loans together with the New Money DIP Loans, the "**DIP Facility**"),

in each case subject to the priorities and on terms and conditions set forth in the Amending Document and the Amended Facility Agreement; and (g) that in order to use and obtain the benefits of the DIP Facility and any Cash Collateral, and in accordance with section 363 of the Bankruptcy Code and the DIP Order, the Company will grant and allow perfection of certain liens and other security interests in favour of and for the benefit of the Secured Parties (the "**Adequate Protection Obligations**"), as documented in the **DIP Order** to be filed with the Bankruptcy Court.

**5      Capacity**

It is noted that the Company would be entering into the Documents personally and not as trustee of any trust.

**6      Resolutions**

6.1     We are in favour of the following resolutions and resolve to pass them unanimously:

(a)    the Company's execution and delivery of the Documents with any amendments considered necessary or appropriate by any director or the company secretary is approved;

(b)    each director and company secretary of the Company is authorised to negotiate any amendments to the final form of the Documents circulated to the directors and is authorised to do any act which may be necessary to give effect to the transactions contemplated in the Documents;

(c)    that the Company be authorised to comply with its obligations under the Documents;

(d)    that any two directors or any director and the company secretary sign the Documents for the Company in accordance with section 127(1) of the Corporations Act;

(e)     that the persons whose names and title appear in Schedule 1 be appointed to act as the Company's authorised officers for the purpose of the transactions contemplated in the Documents ("**Authorised Officers**");

(f)     the terms of, and the transactions contemplated by, the Documents are approved;

(g)     that each director and company secretary of the Company be authorised to do any act, matter or thing and to execute and deliver any other document and notice as he or she may deem necessary, advisable or incidental in connection with the preceding resolutions or the Documents and to perform the obligations of the Company under the Documents; and

(h)     that the Holding Co is authorised to act as the agent of the Company in connection with the Finance Documents (as defined in the Facility Agreement).

6.2     We are in favour of the following further resolutions and resolve to pass them unanimously:

(a)     that the form, terms, and provisions of the Amending Document and DIP Facility be approved in all respects on the terms and conditions set out in the form of DIP Documents previously provided and/or described to the directors of the Company ("**Approving Party**"), and the Company is authorised and empowered to:

(i)      enter into the Amending Document, subject to approval by the Bankruptcy Court; and

(ii)     seek entry of the DIP Order and any other such order authorising entry into, and consummation of, the Amending Document, the DIP Facility and the DIP Documents;

(b)     that the form, terms, and provisions of the DIP Order to which the Company is or will be subject, and the actions and transactions contemplated by the DIP Order are authorised, adopted, and approved, and each of the Authorised Officers of the Company be authorised, directed, and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of:

(i)      the DIP Documents and

(iii)    any amendments or modifications to the DIP Documents (with such changes, modifications, additions, deletions, and amendments thereto as any Authorised Officer in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable, the approval of which shall be conclusively established by the execution and delivery thereof);

(c)     that the Company, as debtor and debtor in possession under the Bankruptcy Code, upon filing of a voluntary petition for relief pursuant to chapter 11 of title 11 of the Bankruptcy Code, be authorised to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "**DIP Transactions**"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations;

(d)  that each of the Authorised Officers of the Company be authorised, directed, and empowered in the name of, and on behalf of, the Company to:

(i)  file or to authorise the Security Agent to file any Uniform Commercial Code (the "**UCC**") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of the Company that the Security Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import; and

(ii)  execute and deliver, and to record or authorise the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company,

in each case as the Security Agent may reasonably request to perfect the security interests of the Security Agent under the DIP Order; and

(e)  that each of the Authorised Officers of the Company be authorised, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including (without limitation) to pay or approve the payment of:

(i)  all fees and expenses payable in connection with the DIP Transactions;

(ii)  all fees and expenses incurred by or on behalf of the Company in connection with the DIP Transactions; and

(iii)  all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions,

in accordance with the terms of the DIP Documents, which shall in their judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

Signed as a correct record:


................................................    28 January 2025
BRYCE ANDREW CROCKER                    Date


................................................    28 January 2025
BRIAN ANTHONY KENNEDY                   Date


................................................    28 January 2025
PETER BRENDAN JOHNSTON                  Date


................................................    28 January 2025
MICHAEL CALLAHAN                        Date


................................................    ....................................
DAVID ISSROFF                           Date


................................................    28 January 2025
DANIELA CHIMISSO DOS SANTOS             Date

Signed as a correct record:

..............................................................  ......................................

BRYCE ANDREW CROCKER     Date

..............................................................  ......................................

BRIAN ANTHONY KENNEDY     Date

..............................................................  ......................................

PETER BRENDAN JOHNSTON    Date

..............................................................  ......................................

MICHAEL CALLAHAN       Date

..............................................................   28/01/25
               ......................................

DAVID ISSROFF          Date

..............................................................  ......................................

DANIELA CHIMISSO DOS SANTOS  Date

### Schedule 1 – Authorised officers

| Name | Title |
|---|---|
| Peter Johnston | Director |
| Bryce Crocker | Director |
| Brian Kennedy | Director |
| Michael Callahan | Director |
| David Issroff | Director |
| Daniela Chimisso Dos Santos | Director |
| Alwyn Davey | Company secretary |